PUBLIC, INC., Appellant,

v.

COUNTY OF GALVESTON and City
of Galveston, Appellees.

No. 14–07–00458–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 10, 2008.

Anthony Paul Griffin, for Public, Inc.

Mark Edmund Ciavaglia, F. Duane Force, Brent Richbook, for County of Galveston and City of Galveston.

Panel consists of Justices YATES, ANDERSON, and BROWN.

## OPINION

JOHN S. ANDERSON, Justice.

Appellant, Public, Inc., appeals the trial court's judgment ordering appellees, Galveston County and City of Galveston, to recover from appellant taxes, penalties, and interest for the tax years 2004 through 2005 and certain special assessment liens and costs. On appeal, appellant argues appellees lacked the authority to tax appellant because appellant is a nonprofit organization exempt from paying ad valorem property taxes. Finding no error, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant is a nonprofit corporation, which was incorporated in 1990.[1] Pursuant to appellant's status as a nonprofit corporation, the Internal Revenue Service (IRS) exempted appellant from paying federal income taxes. Additionally, appellant secured an exemption from property taxes from the Galveston Central Appraisal District (GCAD) based upon its charitable activities. However, on June 23, 2004,

---

1. Appellees stipulate appellant is a nonprofit    corporation.

GCAD sent appellant a notice-of-removal letter stating appellant's charitable tax exemption would be removed as of January 1, 2004, due to appellant's failure to respond to a request for re-application for the exemption.[2] The letter further informed appellant it could file a written protest with the Appraisal Review Board within thirty days from the date of the letter. The record reflects appellant did not take any action after receiving this letter.

On July 7, 2006, appellees filed an original petition against appellant for the collection of delinquent ad valorem property taxes pursuant to sections 33.01–34.08 of the Texas Tax Code and for the collection of special assessment liens pursuant to chapter 342 of the Texas Health and Safety Code. Appellant filed its answer asserting it was a nonprofit corporation, its status had not changed, and appellees were incapable of changing the nature and character of the property in question. The district court assigned the matter to a tax master. On October 20, 2006, the tax master held a hearing, but the court reporter did not make a transcript of the hearing. On March 28, 2007, the tax master issued a recommendation for entry of judgment in favor of appellees. The following day, appellant filed its notice of appeal of the tax master's recommendation with the district court arguing (1) there was no evidence to prove appellees provided the proper notice as required by the Tax Code, (2) there was no evidence appellant had changed its ownership or qualifications, and (3) there was another exemption appellant was entitled to under section 11.12 of the Tax Code. On April 20, 2007, the district court judge signed off on the tax master's findings. The district court rendered judgment that appellee, Galveston County, recover taxes, penalties, and interest from appellant for the tax years 2004 through 2005 in the amount of $15,393.71. The district court also rendered judgment that appellee, City of Galveston, recover the principal, interest, release fee, and attorney's fees for special assessment liens[3] placed on appellant's property. This appeal followed.

## DISCUSSION[4]

### A. Is the Evidence Legally Sufficient to Support the Trial Court's Judgment?

Appellant argues appellees were not allowed to terminate appellant's exemption because appellant's ownership and qualifications had not changed. According to

2. Appellant's brief states GCAD's notice-of-removal letter did not provide the reason for the termination of appellant's exemption; however, appellant is incorrect. At the bottom of GCAD's letter, GCAD stated the reason for termination was because appellant "did not respond to request to reapply for exemption."

3. Chapter 342 of the Texas Health and Safety Code empowers a municipality to regulate the cleaning of a building, an establishment, or the ground. See Tex. Health & Safety Code Ann. § 342.003 (Vernon 2001). Also, chapter 214 of the Texas Local Government Code allows a municipality to regulate the demolition or repair of a building. See Tex. Loc. Gov't Code Ann. § 214.001(a) (Vernon 2008).

Both codes also allow a municipality to charge the expenses incurred to the owner of the property and hold a lien on the property for the expenses. See Tex. Health & Safety Code Ann. § 342.006(a)(1)-(2) (Vernon Supp. 2007); Tex. Loc. Gov't Code Ann. § 214.001(n).

4. Appellant's brief technically states only one issue as follows: "The Taxing Entity Was Without Authority To Tax The Non–Profit When The Entity's Ownership and Qualifications Remained The Same." But, after reviewing appellant's arguments under this one issue, we determine appellant has raised three separate arguments. Therefore, we will address each of appellant's arguments separately.

appellant, it was entitled to an exemption until its ownership or qualifications changed, and there is no evidence in the record to support such a finding. Thus, appellant claims the trial court should not have required appellant to pay its state ad valorem property taxes for the tax years 2004 through 2005.

### 1. Standard of Review

■ In conducting a legal sufficiency, or no evidence, review, we must consider the evidence in the light most favorable to the verdict and indulge every reasonable inference that supports it. *City of Keller v. Wilson*, 168 S.W.3d 802, 821–22 (Tex. 2005); *Harris County v. Vernagallo*, 181 S.W.3d 17, 24 (Tex.App.-Houston [14th Dist.] 2005, pet. denied); *Prairie View A & M Univ. v. Brooks*, 180 S.W.3d 694, 705 (Tex.App.-Houston [14th Dist.] 2005, no pet.). The evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the verdict under review. *Keller*, 168 S.W.3d at 827; *Vernagallo*, 181 S.W.3d at 24; *Brooks*, 180 S.W.3d at 705. This court must credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not. *Keller*, 168 S.W.3d at 827; *Vernagallo*, 181 S.W.3d at 24; *Brooks*, 180 S.W.3d at 705. The trier of fact is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Keller*, 168 S.W.3d at 819; *Vernagallo*, 181 S.W.3d at 24; *Brooks*, 180 S.W.3d at 705. This court cannot substitute its judgment for that of the fact finder so long as the evidence falls within the zone of reasonable disagreement. *Keller*, 168 S.W.3d at 822; *Vernagallo*, 181 S.W.3d at 24; *Brooks*, 180 S.W.3d at 705. But, if the evidence allows only one inference, neither jurors nor the

reviewing court may disregard it. *Keller*, 168 S.W.3d at 822; *Vernagallo*, 181 S.W.3d at 25; *Brooks*, 180 S.W.3d at 705.

■ This court may sustain a legal sufficiency, or no evidence, point only if the record reveals one of the following: (1) the complete absence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence conclusively established the opposite of the vital fact. *Keller*, 168 S.W.3d at 810; *Brooks*, 180 S.W.3d at 705.[5]

### 2. Analysis

■ After appellees filed their original petition and appellant answered, the tax master held a hearing, but the hearing was not recorded. Thus, we do not have a reporter's record in this case. Appellant's point of error is an evidentiary point of error, and absent any record of what evidence the trial court considered, we must presume the trial judge had before him and passed on all necessary facts to support the order. *Frenzel v. Browning–Ferris Indus.*, 780 S.W.2d 844, 846 (Tex.App.-Houston [14th Dist.] 1989, no writ). Although an appellant may properly challenge the legal sufficiency of evidence supporting the trial court's judgment against him, he cannot prevail in any evidentiary challenge without first meeting his burden of presenting a sufficient record on appeal. *Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex.1991); *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex.App.-Houston [1st Dist.] 2007, no pet.). Because there is no reporter's record or findings of fact in this case, we must assume

---

**5.** Appellant's brief also provides the standard of review for a factual sufficiency review, but appellant fails to argue the evidence is factually insufficient in the "Argument" section of

its brief. Accordingly, we find appellant waives any argument regarding factual insufficiency. *See* Tex.R.App. P. 38.1(h).

the trial court had legally sufficient evidence to support its judgment. *See Schafer*, 813 S.W.2d at 155; *Frenzel*, 780 S.W.2d at 846; *Nicholson*, 226 S.W.3d at 583. Accordingly, we reject appellant's argument, and conclude the evidence is legally sufficient.

## B. Did GCAD Provide Appellant Proper Notice?

■■■ Appellant also argues there is no evidence GCAD provided appellant the required notice under section 11.43(c) of the Tax Code before it revoked appellant's exemption. According to appellant, without adequate notice, it was deprived of due process and its right to protest the removal.

### 1. Applicable Law

Section 11.18 of the Tax Code provides an exemption to charitable organizations from ad valorem property taxation. Tex. Tax Code Ann. § 11.18(a)(1)-(2) (Vernon 2008). According to section 11.43(c), once a person applies for and receives an exemption under section 11.18, the person need not reapply in subsequent years, and the exemption applies to the property until it changes ownership or the person's qualifications change. *Id.* § 11.43(c) (Vernon 2008). However, the chief appraiser may require the person to file a new application to confirm the person's current qualification for the exemption by delivering a written notice that a new application is required, accompanied by an appropriate application form, to the person previously allowed the exemption. *Id.*

### 2. Analysis

On June 23, 2004, GCAD sent appellant a notice-of-removal letter stating appellant's charitable tax exemption would be removed as of January 1, 2004. The letter indicated GCAD was terminating appellant's exemption due to appellant's failure to respond to a request for re-application for the exemption. The letter also informed appellant it could file a written protest with the Appraisal Review Board within thirty days from the date of the letter. While the letter indicates appellant received a previous notice requesting re-application, as required by section 11.43(c), the alleged previous request is not included in the record, and appellant claims it never received such notice. According to appellant, since there is no evidence GCAD provided the proper notice under section 11.43(c) before terminating its exemption, the trial court erred in ordering appellant to pay its state ad valorem property taxes.

Assuming, without deciding, GCAD failed to send appellant the proper notice required under section 11.43(c), appellant failed to follow the proper administrative steps for a claim regarding lack of proper notice. The Tax Code provides the exclusive remedies available for a claim such as appellant's. *See id.* §§ 41.41(a), 41.411, 42.09 (Vernon 2008); *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006). The Tax Code provides a property owner with the right to protest any action of the chief appraiser, appraisal district, or appraisal review board that applies to and adversely affects the property owner. Tex. Tax Code Ann. § 41.41(a)(9). Additionally, a property owner may protest an appraisal district's failure to provide or deliver any notice to which the property owner is entitled. *Id.* § 41.411(a). Along with the right to protest, the Tax Code provides the detailed administrative procedures a protester must follow. *See id.* §§ 41.44–.71 (Vernon 2008). These procedures prescribed by the Tax Code for adjudication of the grounds of protest are exclusive, and a property owner may not raise any of these grounds in a defense to a suit to enforce the collection of delin-

quent taxes.[6] *Id.* § 42.09(a)(1); *see Rourk,* 194 S.W.3d at 502 (recognizing the Tax Code provides detailed administrative procedures for those who contest their property taxes, which are "exclusive," and most defenses are barred if not raised through the administrative process). The Texas Constitution expressly allows the legislature to bestow exclusive jurisdiction on administrative bodies. *See* Tex. Const. art. V, § 8.

In this case, the record reflects appellant did not follow any of the administrative procedures provided by the Tax Code to protest GCAD's failure to provide proper notice. Therefore, appellant had no right to assert, and the trial court had no jurisdiction to consider, appellant's claim of lack of notice. *See Rourk,* 194 S.W.3d at 502 ("[A] taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes."); *Houston Indep. Sch. Dist. v. 1615 Corp.,* 217 S.W.3d 631, 633–38 (Tex.App.-Houston [14th Dist.] 2006, pet. denied) (op. on reh'g) (holding the trial court did not have jurisdiction to hear taxpayer's complaint that the taxing authority improperly removed its homestead exemption because the taxpayer failed to follow the exclusive administrative remedies provided in the Tax Code); *ABT Galveston L.P. v. Galveston Cent. Appraisal Dist.,* 137 S.W.3d 146, 152–58 (Tex.App.-Houston [1st Dist.] 2004, no pet.) (holding the taxing authorities were entitled to summary judgment since the trial court lacked jurisdiction to hear the taxpayers' complaint that the taxing authorities failed to provide proper notice of the removal of their property tax exemption because the taxpayers did not exhaust the administrative

remedies available). Thus, appellant's argument regarding lack of notice could not preclude, and is not a ground to reverse, the trial court's judgment requiring appellant to pay ad valorem property taxes for the years 2004 through 2005.

Appellant cites *Inwood Dad's Club, Inc. v. Aldine Independent School District,* 882 S.W.2d 532 (Tex.App.-Houston [1st Dist.] 1994, no writ), as support for its lack of notice argument. In *Inwood,* Inwood Dad's Club, Inc. (Inwood) received an exemption in 1976 from ad valorem property taxes due to its status as a charitable organization. *Id.* at 533. In 1989, several taxing authorities decided they did not agree with Inwood's claimed exemption status, so they sued Inwood to recover delinquent taxes. *Id.* Both a tax master and the district court found Inwood delinquent and rendered judgment against Inwood for back taxes, interest, and penalties. *Id.* Inwood appealed and argued the trial court erred in holding Inwood was not a charitable organization exempt from ad valorem property taxes. *Id.* at 534. Inwood argued the chief appraiser failed to send it notice of any requirement to reapply for an exemption, as specified by section 11.43(c). *Id.* In fact, the taxing authorities did not dispute the fact Inwood never received the required statutory notice. *Id.* According to Inwood, due to the lack of notice, Inwood legally never lost its exempt status. *Id.* The taxing authorities responded by arguing Inwood waived its right to complain about the lack of notice because Inwood failed to bring the complaint to the appraisal review board. *Id.* at 535. The court of appeals rejected the taxing authorities' argument. *Id.* at 538. The court of appeals held the Tax Code did not provide administrative review pro-

---

**6.** Those who do not file administrative protests may still assert that (1) they did not own the property, or (2) the property was outside the boundaries of the taxing unit. Tex. Tax Code Ann. § 42.09(b)(1)-(2). Neither exception is applicable in this case.

cedures for the removal of an exemption; the appraiser had no authority to remove the exemption without specific notice to Inwood; without such notice, the appraiser never acquired jurisdiction to remove the exemption; and the appraiser's removal of Inwood's exemption was a void act that could be challenged anywhere and anytime. *Id.*

First, we point out *Inwood* is a First Court of Appeals case and, thus, not binding precedent on this court; however, despite the fact the case is not binding, we find *Inwood* distinguishable from this case. In 2004, the First Court of Appeals issued *ABT Galveston L.P., v. Galveston Central Appraisal District*, in which it distinguished *Inwood*, and we find the holding in that case more persuasive. *See* 137 S.W.3d at 146. In *ABT Galveston*, the taxpayers entered into an agreement with the taxing authorities that provided the taxpayers with an exemption from ad valorem property taxes for a period of seven years. *Id.* at 147–48. The agreement allowed the taxing authorities to declare the taxpayers in default if they failed to comply with certain obligations, but it also required the taxing authorities to give the taxpayers written notice of, and sixty days to cure, any alleged default. *Id.* at 148. Eventually, the taxpayers defaulted on the agreement, and the taxing authorities voted to cancel the tax abatement agreement. *Id.* at 149. The taxing authorities notified the taxpayers they were in default, and one week later, the taxing authorities demanded payment. *Id.* The taxpayers then sent a letter protesting the taxing authorities' failure to give notice and requested a hearing before the Galveston Appraisal Review Board. *Id.* at 150. The review board denied the hearing. *Id.* A few months later, the taxpayers filed suit against the taxing authorities seeking a refund of taxes. *Id.* The taxpayers argued the taxing authorities failed to deliver proper or timely notice before removing their exemption and attempting to collect the taxes. *Id.* In their answer, the taxing authorities asserted various affirmative defenses, including the taxpayers' alleged failure to exhaust administrative remedies before filing suit. *Id.* at 151. The taxing authorities then filed a motion for summary judgment, which the trial court granted. *Id.* On appeal, the appellate court upheld the summary judgment in favor of the taxing authorities because the taxpayers failed to timely pursue or exhaust the administrative remedies available under the Tax Code to protest the taxing authorities' actions; therefore, the trial court did not have jurisdiction to hear the taxpayers' claims. *Id.* at 154–58. The court distinguished its prior holding in *Inwood* on the basis the taxpayers in *ABT Galveston* received some form of notice, even though the notice was improper. *Id.* at 156. The court stated "in the present case, having received notice directly from the taxing authorities of the cancellation of the tax exemptions and of the 'unofficial' appraised value of the facility ... [the taxpayers] were aware of the fact that they had not received, as they alleged, notice to which they were entitled." *Id.* at 157.

Here, as in *ABT Galveston*, appellant received notice from GCAD informing appellant its charitable tax exemption would be terminated. Since appellant did receive some form of notice directly from GCAD, appellant was well aware of the fact it had not received the notice it was entitled to under section 11.43(c). A taxpayer cannot elect to do nothing when confronted with a notice the taxpayer believes to be erroneous (*e.g.*, cancellation of an exemption), and then use it as a defense in the district court; that would defeat the entire tax scheme the Tax Code provides for protesting and appealing actions of the taxing

authorities. *See Harris County Appraisal Dist. v. Pasadena Prop. L.P.*, 197 S.W.3d 402, 406 (Tex.App.-Eastland 2006, pet. denied). Thus, under the rationale of *ABT Galveston*, we find *Inwood* distinguishable and find appellant was required to pursue or exhaust the administrative remedies available. *See ABT Galveston L.P.*, 137 S.W.3d at 154–58. Appellant's failure to do so deprived the trial court of jurisdiction to hear its complaint regarding lack of proper notice. *See id.; see also Pasadena Prop. L.P.*, 197 S.W.3d at 406–07 (distinguishing *Inwood* and holding a chief appraiser's failure to provide the required notice regarding a cancellation of an exemption makes his act voidable, not void, and if a taxpayer is given an opportunity to be heard before an appraisal board then the requirements of due process are satisfied). Therefore, appellant's claim was not an available defense in the trial court

**C. Does Section 11.12 of the Tax Code Exempt Appellant From Paying Ad Valorem Property Taxes?**

▉▉▉ Lastly, appellant argues section 11.12 of the Tax Code provides another exemption from state ad valorem property taxes. Appellant claims private property exempt under federal law is exempt from taxation by the state. Thus, according to appellant, since the IRS, which is a federal entity, provides appellant a tax exemption, appellant is exempt from state ad valorem property taxes as well.

*1. Applicable Law*

▉▉▉ Section 11.12 of the Tax Code states "[p]roperty exempt from ad valorem taxation by federal law is exempt from taxation." Tex. Tax Code Ann. § 11.12 (Vernon 2008). This section of the Tax

Code recognizes the right of Congress to preempt state taxation and its power to create exemptions. *See Deer Park v. Harris County Appraisal Dist.*, 963 F.Supp. 605, 609 (S.D.Tex.1997), *aff'd*, 132 F.3d 1095 (5th Cir.1998). Thus, if the federal law exempts certain properties from ad valorem taxes, Texas law requires an exemption as well. Tex. Tax.Code Ann. § 11.12.

*2. Analysis*

Appellant argues section 11.12 of the Tax Code requires the state to exempt appellant from paying state ad valorem property taxes because the IRS, which is a federal entity, provides appellant a tax exemption. Appellant's brief states "private property exempt under federal law is exempt from taxation by the state;" however, appellant's argument is flawed. According to the record, the IRS provides appellant an exemption from federal *income* taxes, not ad valorem property taxes.[7] Section 11.12 does not exempt from State *ad valorem* taxation property that is exempt from federal *income* taxation without compliance with the relevant portions of the Texas Tax Code. *See id.* Thus, appellant's exemption from federal income taxation does not automatically exempt it from ad valorem property taxation.

Appellant cites two cases as support, but neither case actually supports appellant's argument. One case offered by appellant, *Deer Park v. Harris County Appraisal District*, addressed the constitutionality of a federal exemption from state and local ad valorem property taxes. 963 F.Supp. at 605. In *Deer Park*, Congress enacted a statute which exempted free trade zones from paying state and local ad valorem

---

**7.** Appellant's brief states "property exempt from ad valorem taxation by the IRS is exempt from state taxation." Appellant, however, misstates the type of exemption provided

by the IRS. According to the record, the IRS provides appellant an exemption from income taxation, which is not the same as ad valorem property taxation.

property taxes on personal property. *Id.* at 606. Ultimately, the district court determined a federal law that creates an exemption from state ad valorem property taxes was constitutional, and section 11.12 of the Texas Tax Code recognized Congress's authority to create such exemptions. *Id.* at 609. This case, however, does not support appellant's proposition.

Appellant also cites *United States Postal Service v. Dallas County Appraisal District*, 857 S.W.2d 892 (Tex.App.-Dallas 1993), *vacated*, 866 S.W.2d 209 (Tex.1993). First, we point out the Supreme Court expressly vacated this opinion, therefore, it has no precedential value. *See* Tex.R.App. P. 56.3 (stating the Supreme Court's order does not vacate a court of appeals' opinion unless the order specifically provides otherwise). However, even if the Supreme Court had not vacated *U.S. Postal Service*, it does not support appellant's position. In *U.S. Postal Service*, the United States Postal Service and its lessors sued the Dallas County Appraisal District and the Dallas County Appraisal Review Board over the taxation of the postal service's leasehold interests. *U.S. Postal Serv.*, 857 S.W.2d at 892. Ultimately, the court of appeals determined because state and local entities could not directly tax federal property, the local government entity could only tax the private leaseholder's interest. *Id.* at 894–95. In its analysis, the court of appeals referenced section 11.12 for the proposition that Texas tax law exempts all property belonging to the United States. *Id.* at 894. However, this case in no way suggests section 11.12 provides an exemption from state ad valorem property taxation for private property that is exempt from income taxation.

The plain language of section 11.12 provides an exemption from state ad valorem taxation for property exempt from federal ad valorem taxation. Tex. Tax Code Ann. § 11.12. However, appellant would have us hold section 11.12 also provides an exemption from state ad valorem taxation for property owned by an entity that is exempt from federal income taxation. Because appellant fails to cite any relevant authority to support its position and our own independent research reveals no such authority, we reject appellant's argument.

Having considered and rejected all three of the arguments appellant raises within its one issue, we overrule appellant's sole issue on appeal.

### CONCLUSION

Having overruled appellant's sole issue on appeal, we affirm the trial court's judgment.