**Affirmed and Memorandum Opinion filed September 11, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00692-CV

---

### JAMES ANTHONY DAVIS, Appellant

### V.

### ANGLETON INDEPENDENT SCHOOL DISTRICT, ANGLETON DRAINAGE DISTRICT, ANGLETON-DANBURY HOSPITAL DISTRICT, BRAZORIA COUNTY, CITY OF ANGLETON, PORT FREEPORT, AND SPECIAL ROAD AND BRIDGE DISTRICT, Appellees

---

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 84732-T**

---

### M E M O R A N D U M   O P I N I O N

This appeal arises from a dispute regarding payment of property taxes. In five issues, appellant James Anthony Davis challenges the trial court's May 22, 2017 final judgment awarding outstanding property taxes to appellees Angleton Independent School District, Angleton Drainage District, Angleton-Danbury Hospital District, Brazoria County, City of Angleton, Port Freeport, and Special

Road and Bridge District (collectively referred to as the "Taxing Entity Appellees"). For the reasons below, we affirm the trial court's May 22, 2017 final judgment.

## BACKGROUND

Multiple Brazoria County taxing entities brought two suits to collect outstanding property taxes owed on two tracts of land in Brazoria County: a tract located in West Columbia (the "West Columbia tract") and a tract located in Angleton (the "Angleton tract"). The first suit was filed against Veronica L. Davis and the second suit was filed against her son, James.[1] This appeal arises from the final judgment signed in the second suit.

The taxing entities filed the first suit in September 2011 and sought to collect from Veronica the 2009 and 2010 property taxes owed on the West Columbia tract, along with the 2007, 2009, and 2010 property taxes owed on the Angleton tract.[2]

Veronica filed a motion to dismiss in July 2013, asserting that she paid the property taxes owed on both tracts. Veronica's motion stated that, despite her payment, the taxing entities "advised [Veronica] that [they] could keep the suit going until the 2012 taxes were paid, as allowed by statute." Veronica asserted in her motion that "she [wa]s no longer the owner of that property and is no longer obligated for taxes for the year 2012."

---

[1] Because Veronica and James share the same last name, we refer to them by their first names to avoid confusion. Veronica represents James as his attorney in the second suit.

[2] The taxing entities named in the first suit's original petition are Angleton Drainage District; Angleton Independent School District; Angleton-Danbury Hospital District; Brazoria County; Brazoria County Emergency Services District #1; Brazoria County Emergency Services District #2; City of Angleton; City of West Columbia; Columbia-Brazoria Independent School District; Port Freeport; Special Road and Bridge District; and West Brazoria County Drainage District #11.

The taxing entities filed a first amended petition in August 2014 seeking payment from Veronica only with respect to the 2013 property taxes owed on the West Columbia tract.[3]  Veronica filed a combined answer and motion to dismiss asserting that she paid all taxes owed on the West Columbia tract.  The taxing entities filed a motion in November 2014 seeking to dismiss their suit because "all taxes, penalt[ies] and interest have been paid."

The trial court signed a final judgment in the first suit on November 18, 2014.  The final judgment states that Veronica paid "all taxes due and owing in this case" and "the costs ordered by the Court."  The trial court signed a separate "Order of Dismissal" on the same day granting the taxing entities' motion to dismiss.

The Taxing Entity Appellees filed the second suit in January 2016 and sought to collect from James the 2012-2014 property taxes owed on the Angleton tract.  In their first amended petition, the Taxing Entity Appellees added a claim for the Angleton tract's 2015 property taxes.  The Taxing Entity Appellees filed a second amended petition that adjusted the amount of their requested recovery.

James answered the Taxing Entity Appellees' second amended petition and asserted that "there are no delinquent taxes due for the years 2012 and 2013" because those taxes were paid in connection with the first suit filed against Veronica.  James also asserted special exceptions that challenged the Taxing Entity Appellees' pleadings with respect to (1) fees; (2) causes of action; (3) court costs; and (4) the identity of the plaintiffs.

---

[3] The taxing entities named in the first suit's first amended petition are Brazoria County; Brazoria County Emergency Services District #1; Brazoria County Emergency Services District #2; City of West Columbia; Columbia-Brazoria Independent School District; Port Freeport; Special Road and Bridge District; and West Brazoria County Drainage District #11.

3

The second suit was set for trial in May 2017.[4]  The trial court signed a final judgment on May 22, 2017, ordering James to pay the Taxing Entity Appellees $892.85 for "delinquent taxes, penalties, interest, and costs" owed with respect to the Angleton tract for 2012.  The May 22, 2017 final judgment also orders James to pay the Taxing Entity Appellees $200 "for ascertaining the name, identity, and location of necessary parties and description of the property."

The trial court signed findings of fact and conclusions of law on July 14, 2017.  James timely appealed.

## ANALYSIS

James asserts five issues on appeal:

1.  The first suit's November 18, 2014 final judgment adjudicates the issue of the 2012 property taxes owed on the Angleton tract.  The second suit's May 22, 2017 final judgment, which awards the Taxing Entity Appellees "delinquent taxes, penalties, interest, and costs" owed on the Angleton tract for 2012, "is contradictory to and violative of" the first suit's final judgment.

2.  Res judicata precludes the second suit's award of the 2012 property taxes owed on the Angleton tract because this issue was adjudicated in the first suit.

3.  The May 22, 2017 final judgment lacks specificity and proper parties.

4.  The attorney's fees, penalties, and costs taxed against James in the May 22, 2017 final judgment are "duplicative, unreasonable or unsupported by statute."

5.  The evidence is insufficient to establish nonpayment of taxes.

We address these issues below.  We overrule all five issues and affirm the trial court's May 22, 2017 final judgment.

---

[4] Although the suit proceeded to trial, this appellate court did not receive a reporter's record for these proceedings.  This court received an "Information Sheet by Court Reporters" stating that there is no reporter's record in this action.

## I. Preclusive Effect of the November 18, 2014 Final Judgment

James asserts that the November 18, 2014 final judgment signed in connection with the first suit prevents the Taxing Entity Appellees from recovering in the second suit for the 2012 property taxes owed on the Angleton tract. James argues that the Angleton tract's 2012 property taxes were "adjudicated and found to have been paid" in the November 18, 2014 final judgment.

The Taxing Entity Appellees contend that the November 18, 2014 final judgment did not adjudicate the 2012 property taxes owed on the Angleton tract. They point to the taxing entities' first amended petition filed in the first suit, which omitted the entities' claims with respect to the Angleton tract.

An amended petition supplants any earlier petition. Tex. R. Civ. P. 65; *Whole Foods Market Sw., L.P. v. Tijerina*, 979 S.W.2d 768, 778 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). "[C]auses of action not contained in amended pleadings are effectively dismissed at the time the amended pleading is filed." *FKM P'ship, Ltd. v. Bd. of Regents of the Univ. of Houston Sys.*, 255 S.W.3d 619, 633 (Tex. 2008); *see also Randolph v. Walker*, 29 S.W.3d 271, 274-75 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). The dismissal does not require a hearing and "[e]ntry of an order granting the nonsuit is ministerial." *FKM P'ship, Ltd.*, 255 S.W.3d at 632.

Here, the taxing entities' original petition filed in the first suit sought to recover outstanding property taxes for both the Angleton and West Columbia tracts. The taxing entities filed a first amended petition in August 2014 asserting tax claims only with respect to the West Columbia tract. The first amended petition did not include any claims seeking taxes for the Angleton tract. The first amended petition effectively dismissed the taxing entities' claims with respect to the Angleton tract. *See id.*; *Randolph*, 29 S.W.3d at 274-75.

5

The first suit's November 18, 2014 final judgment states that "[Veronica] has paid all taxes due and owing in this cause." The taxing entities' first amended petition was the live pleading at the time the November 18, 2014 final judgment was signed and delineates the claims adjudicated by the judgment. *See* Tex. R. Civ. P. 301 ("[t]he judgment of the trial court shall conform to the pleadings"); *see also Moran v. Williamson*, 498 S.W.3d 85, 93 (Tex. App.—Houston [1st Dist.] 2016, pet. denied); *Wilson v. McCracken*, 713 S.W.2d 394, 395 (Tex. App.—Houston [14th Dist.] 1986, no writ). The first amended petition did not include any claims seeking property taxes with respect to the Angleton tract. Contrary to James's argument, the 2012 property taxes owed on the Angleton tract were not adjudicated by the first suit's November 18, 2014 final judgment.

James also asserts that he was not record title holder of the Angleton tract on January 1, 2012, and therefore "is not responsible for delinquent taxes for 2012." To support this claim, James references evidence and testimony heard in the first suit and the deed records of Brazoria County. James did not provide citations for this evidence or otherwise indicate that it was included in the appellate record. Because this evidence is not a part of the record in this subsequent appeal, we do not consider James's argument that he is not the record title holder of the Angleton tract. *See Ramex Constr. Co. v. Tamcon Servs. Inc.*, 29 S.W.3d 135, 138 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

James contends that Veronica and the taxing entities entered into a Rule 11 agreement in the first suit for the payment of the 2012 property taxes at issue in this second suit. James asserts that the Rule 11 agreement shows that Veronica "accept[ed] responsibility for the [2012] taxes" owed on the Angleton tract.

We disagree with James's contention regarding the Rule 11 agreement. The Rule 11 agreement was filed in the first suit on May 23, 2012, and states that

6

Veronica agreed to a 12-month payment plan with Brazoria County. With respect to the Angleton tract, the agreement states only that Veronica "will pay at a minimum 10% down." The Rule 11 agreement does not indicate that Veronica "accept[ed] responsibility for the [2012] taxes" owed on the Angleton tract.

We overrule James's first issue.

## II.      Res Judicata

James's res judicata argument, like those advanced in his first issue, asserts that liability for the Angleton tract's 2012 property taxes was adjudicated in the first suit. James also argues that, to the extent his tax liability was not litigated in the first suit, he "should have been joined in the suit as a necessary party, pursuant to Texas Rule[] of Civil Procedure 39 . . . ."

Res judicata bars a second action by parties and their privies on matters litigated in a prior suit and claims that, "through the exercise of diligence, could have been litigated in a prior suit." *Hallco Tex., Inc. v. McMullen Cty.*, 221 S.W.3d 50, 58 (Tex. 2006); *see also Johnson v. Oxy USA, Inc.*, 533 S.W.3d 395, 401 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). The party asserting res judicata must prove (1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of the parties or those in privity with them; and (3) a second action based on the same claims that were or could have been raised in the first action. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *see also Johnson*, 533 S.W.3d at 401.

Our analysis focuses on the third element, which is dispositive of James's res judicata argument. James does not show that liability for the 2012 property taxed owed on the Angleton tract are claims "that were or could have been raised in the first action." *See Travelers Ins. Co.*, 315 S.W.3d at 862.

7

As discussed above, we disagree with James's contention that the first suit adjudicated the issue of the 2012 property taxes owed on the Angleton tract. When the November 18, 2014 final judgment was signed, the taxing entities were not asserting any claims seeking taxes owed on the Angleton tract — the taxing entities' first amended petition dismissed the claims arising from the Angleton tract. *See FKM P'ship, Ltd.*, 255 S.W.3d at 633; *Randolph*, 29 S.W.3d at 274-75. The first suit did not adjudicate liability for the 2012 property taxes owed on the Angleton tract and does not provide a basis to invoke res judicata. *See Travelers Ins. Co.*, 315 S.W.3d at 862; *Johnson*, 533 S.W.3d at 401.

James also appears to address the "could have been raised" prong on appeal insofar as he asserts that he "should have been joined in the [first] suit as a necessary party, pursuant to Texas Rule[] of Civil Procedure 39 . . . ." *See Travelers Ins. Co.*, 315 S.W.3d at 862.

When it was filed in September 2011, the first suit sought to recover from Veronica property taxes owed on both the West Columbia and Angleton tracts. After Veronica stated in her motion to dismiss that "she [wa]s no longer the owner of that property," the taxing entities filed their first amended petition seeking to recover only with respect to taxes owed on the West Columbia property. James has not cited any case law or other authority to support his claim that he was a necessary party to a suit involving a different piece of property owned by a different person. We reject James's argument that he was a "necessary party" to the first suit and conclude that res judicata does not bar adjudication of the Angleton tract's 2012 property taxes in the second suit.

We overrule James's second issue.

## III.  Errors in the May 22, 2017 Final Judgment

James contends that the second suit's May 22, 2017 final judgment is in error because (1) the amount of damages it awards are not certain; (2) the trial court abused its discretion in failing to grant James's special exceptions; and (3) Brazoria County was not named in the Taxing Entity Appellees' second amended petition.

James quotes in his appellate brief the following excerpt from the May 22, 2017 final judgment and asserts that he is "unable to ascertain the amount of penalties, interest, court costs, and attorney's fees" assessed:

> IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that [the Taxing Entity Appellees], do have and recover from [James], <u>as indicated above</u>, the total sum of money due for taxes, penalties, interest, and attorney fees with penalty and interest continuing to accrue at the statutory rate from the date of judgment until paid or sold, plus all costs of court, for which let execution issue . . . .

(emphasis added).  This portion of the final judgment orders that the Taxing Entity Appellees are to recover from James the sums "indicated above."  Preceding this paragraph, the final judgment sets out the following itemization of amounts owed by James to the Taxing Entity Appellees:

> IT IS ORDERED, ADJUDGED, AND DECREED that the taxing entities which are parties to this suit have valid claims for delinquent taxes, penalties, interest, and costs allowed by law, which claims are secured by tax liens against the property hereinafter described and in the amounts indicated, to wit:

*          *          *

| Taxing Unit | Tract | Tax Years | Total |
|---|---|---|---|
| Brazoria County | TRACT 1 | 2012 | $116.92 |
| Port Freeport | TRACT 1 | 2012 | $14.14 |
| Special Road and Bridge District | TRACT 1 | 2012 | $16.48 |
| Angleton Independent School District | TRACT 1 | 2012 | $399.50 |
| City of Angleton | TRACT 1 | 2012 | $198.64 |

9

| Angleton-Danbury Hospital District | TRACT 1 | 2012 | $98.71 |
| Angleton Drainage District | TRACT 1 | 2012 | $48.46 |

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that [the Taxing Entity Appellees] recover $200.00 for ascertaining the name, identity, and location of necessary parties and description of property.

A final judgment must be "definite and certain" such that "the clerk can ascertain the amount to place in the writ of execution." *In re Blankenhagen*, 513 S.W.3d 97, 100 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding [mand. denied]). The May 22, 2017 final judgment is "definite and certain" — it quantifies the amounts awarded for a total of $892.85 and, with reference to the "statutory rates" for penalties and interest, provides the mechanism for calculating any additional amounts owed.

James contends that the trial court abused its discretion when it "failed to address [his] special exceptions." James's special exceptions were included in his answer and challenged the court costs, attorney's fees, and interest included in the Taxing Entity Appellees' pleadings. The record does not reflect that James requested a hearing or obtained a ruling from the trial court with respect to these special exceptions.

Special exceptions are used to challenge a defective pleading. *See* Tex. R. Civ. P. 91. Failure to obtain a timely hearing and a ruling on special exceptions waives the exceptions and does not preserve them for appeal. *McAllister v. Samuels*, 857 S.W.2d 768, 773 (Tex. App.—Houston [14th Dist.] 1993, no writ) (appellants asserted that the trial court erred by "entering a final judgment without ruling on, or even considering," their special exceptions; appellants waived error on this point because the record did not show that appellants obtained a hearing and a ruling on their special exceptions).

10

The appellate record does not show that James requested a hearing on his special exceptions, or that a hearing was held or a ruling obtained. James did not preserve this issue for appeal. *See id.*

James asserts that the trial court erred when it granted relief to Brazoria County in the May 22, 2017 final judgment because "Brazoria County is not a named Plaintiff." Contrary to James's claim, Brazoria County was listed as a plaintiff in the Taxing Entity Appellees' second amended petition, the live pleading at the time the final judgment was signed.

We overrule James's third issue.

IV. **Fees and Costs Included in the May 22, 2017 Final Judgment**

James's fourth challenge addresses the May 22, 2017 final judgment's inclusion of collection costs, attorney's fees, sheriff's department service fees, and research fees.

James asserts that "an alleged delinquent tax payer shall not pay collection costs, as well, as attorney's fees" because "seeking both collections costs and attorney fees are violative of the statute and prohibited by law." James cites to Texas Tax Code sections 33.07 and 33.48 to support his argument. *See* Tex. Tax Code Ann. §§ 33.07, 33.48 (Vernon 2015).

The Taxing Entity Appellees respond that they "did not seek, and the [May 22, 2017] Judgment does not award, [the Taxing Entity Appellees'] attorney's fees under Tax Code § 33.48."

The section of the May 22, 2017 final judgment that itemizes the Taxing Entity Appellees' recovery does not mention attorney's fees.[5] James did not cite to

---

[5] The section of the May 22, 2017 final judgment that itemizes the Taxing Entity Appellees' recovery states "IT IS ORDERED, ADJUDGED, AND DECREED that the taxing

11

any part of the appellate record that indicates he is liable for both collection costs and attorney's fees. We overrule James's argument challenging the award of attorney's fees.

James also challenges the sheriff's department's service fees and asserts that the fees are "unreasonable" and that "the Sheriff did not testify as to any efforts regarding service." But James does not cite to any part of the appellate record that indicates he is required to pay these fees or in what amount. Neither the May 22, 2017 final judgment nor the trial court's bill of costs assesses these costs against James. Unable to ascertain whether and in what amount the sheriff's department's service fees were assessed, we cannot evaluate James's arguments on this point.

James asserts that the $200 research fee included in the second suit's May 22, 2017 final judgment is "in all things unreasonable."

Texas Tax Code section 33.48(a)(4) provides that, in a suit to collect a delinquent tax, a taxing unit may recover "reasonable expenses that are incurred by the taxing unit in determining the name, identity, and location of necessary parties and in procuring necessary legal descriptions of the property on which a delinquent tax is due." Tex. Tax Code Ann. § 33.48. We previously have upheld a $250 research fee assessed in an action to collect unpaid property taxes. *See Rogers v. Fort Bend Indep. Sch. Dist.*, No. 14-10-00968-CV, 2011 WL 2685742, at *1-2 (Tex. App.—Houston [14th Dist.] July 12, 2011, no pet.) (mem. op.).

James does not cite any case law or other authority to support his challenge to the reasonableness of the $200 research fee included in the May 22, 2017 final judgment. We overrule James's fourth issue challenging the fees and costs included in May 22, 2017 final judgment.

---

entities which are parties to this suit have valid claims for <u>delinquent taxes, penalties, interest, and costs</u> allowed by law . . . ." (emphasis added).

## V.    Sufficiency of the Evidence

Challenging the evidence presented at trial, James asserts that the Taxing Entity Appellees "failed to put on sufficient evidence that taxes were due and owing." James argues that he "submitted evidence that judgment had been rendered showing all taxes had been paid . . . along with payment records . . . and a fax to Appellee's [sic] counsel showing proof of payment."

James supports his argument with reference to several documents listed as "exhibits" in the clerk's record. We did not receive, and James does not cite to, a reporter's record transcribing the proceedings held in the trial court. The court reporter's information sheet states that a reporter's record was not made in this proceeding.

"When an appellant challenges the sufficiency of the evidence supporting the trial court's judgment against him, he cannot prevail without first meeting his burden of presenting a sufficient record on appeal because it is presumed that the omitted portions of the record support the trial court's judgment." *Cisneros v. Cisneros*, No. 14-14-00616-CV, 2015 WL 1143125, at *3 (Tex. App.—Houston [14th Dist.] Mar. 12, 2015, no pet.) (mem. op.); *see also Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991) (per curiam); *Pub., Inc. v. Cty. of Galveston*, 264 S.W.3d 338, 341-42 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

James did not meet his burden of presenting a sufficient record on appeal. Without a reporter's record showing the evidence and arguments heard by the trial court as well as the parties' objections and the trial court's rulings thereon, we cannot evaluate James's evidentiary sufficiency challenges. *See Schafer*, 813 S.W.2d at 155; *Pub., Inc.*, 264 S.W.3d at 341-42; *see also Cisneros*, 2015 WL 1143125, at *3.

13

Moreover, the arguments advanced in James's fifth issue appear to reassert the contentions discussed above. Referencing the November 18, 2014 final judgment and "Order of Dismissal" signed in the first suit, James asserts that he "submitted evidence that judgment had been rendered showing all taxes had been paid . . . ."

We rejected this argument in our analysis of James's first and second issues on appeal. The filings in the first suit and the November 18, 2014 final judgment do not show that the 2012 property taxes owed on the Angleton tract were adjudicated in the first suit as necessary to limit the Taxing Entity Appellees' recovery in the second suit.

We overrule James's fifth issue.

## CONCLUSION

We overrule James's issues on appeal and affirm the trial court's May 22, 2017 final judgment.


/s/  William J. Boyce
    Justice


Panel consists of Justices Boyce, Donovan, and Wise.

14