

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-17-00329-CV

_____

DAVID WETHY, Appellant

V.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2017-003751-1

Before Sudderth, C.J.; Gabriel and Bassel, JJ.
Memorandum Opinion by Justice Gabriel

# MEMORANDUM OPINION

In two issues, appellant David Wethy appeals from the county court at law's judgment in this forcible detainer action awarding appellee Federal National Mortgage Association (Fannie Mae) possession of a residence located in Crowley.[1] We affirm.

## I. BACKGROUND

Fannie Mae filed a forcible detainer petition in the justice court, naming as defendants Danny Ortiz, Betty Ortiz, and "all other occupants" of the residence. It is undisputed that Wethy was an occupant of the residence. The petition alleged that Fannie Mae had purchased the residence at issue at a non-judicial foreclosure sale. The petition further alleged that in accordance with section 24.005 of the Texas Property Code, Fannie Mae had made written demand upon the defendants to vacate the residence but that the defendants had not done so. The justice court rendered judgment in favor of Fannie Mae.

---

[1]In its response brief, Fannie Mae construed Wethy's brief as raising four issues and responded accordingly. An appellant's brief must state concisely all issues or points presented for review and must contain a clear and concise argument for the contentions made, with appropriate citations to authorities. *See* Tex. R. App. P. 38.1(f), (i). Applying that standard to a liberal construction of Wethy's brief, we cannot say that Wethy's brief raises any issues for our consideration other than those we address. *See id*; *see also ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010) (recognizing that "[t]he Texas Rules of Appellate Procedure require adequate briefing"); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (observing that appellate court has discretion to deem issues waived due to inadequate briefing).

The Ortizes and Wethy appealed the justice court's judgment to the county court at law. On September 15, 2017, the county court held a bench trial, after which it signed a final judgment awarding Fannie Mae possession of the residence, attorney's fees, and court costs. Wethy, pro se, appealed.[2]

## II.  SECTION 24.005 NOTICE

In his first issue, Wethy appears to challenge the justice court's judgment. However, we do not have jurisdiction over direct appeals from a justice court's final judgment in a forcible detainer suit. *See Beard v. JP Morgan Chase Bank*, No. 02-05-00420-CV, 2006 WL 1920995, at *1 (Tex. App.—Fort Worth July 13, 2006, no pet.) (per curiam) (mem. op.). And in any event, Wethy appealed the justice court's judgment to the county court, which tried the case de novo. *See* Tex. R. Civ. P. 510.10(c). We therefore construe Wethy's argument as an attack on the county court's judgment.

Section 24.005 generally requires landlords to provide occupants with a written notice to vacate the premises at least three days prior to filing a forcible detainer suit. *See* Tex. Prop. Code Ann. § 24.005. Wethy argues that the justice court erred in awarding judgment in favor of Fannie Mae because there is insufficient evidence to show that Fannie Mae provided timely notice to vacate the residence in accordance with property code section 24.005.

---

[2]Danny Ortiz and Betty Ortiz did not appeal the county court's final judgment.

3

On appeal, it is the burden of the appellant to bring forward a sufficient record to show error by the trial court. *Callejas v. Fed. Nat'l Mortg. Ass'n*, No. 01-10-00932-CV, 2011 WL 2923759, at *1 (Tex. App.—Houston [1st Dist.] July 21, 2001, pet. dism'd w.o.j.) (mem. op.). Here, Wethy has not furnished us with a reporter's record. When a party raises an issue on appeal relying on evidence presented to the trial court, absent any record of what evidence the trial court considered, we must presume the trial court had before it and passed on all necessary facts to support its judgment. *Public, Inc. v. County of Galveston*, 264 S.W.3d 338, 341 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Accordingly, an appellant cannot prevail on any evidentiary issues in the absence of a sufficient record on appeal. *Id.*

Proof of proper notice under section 24.005 is inherently a fact issue. *Callejas*, 2011 WL 2923759, at *2. Because we do not have a reporter's record or any findings of fact from the proceedings in the county court, we must presume that the county court had before it and passed on all necessary facts to support its judgment and that sufficient evidence supports the judgment. *See Public*, 264 S.W.3d at 341–42. Accordingly, we must reject Wethy's argument that there was insufficient evidence to show that Fannie Mae complied with section 24.005's notice requirements. *See Callejas*, 2011 WL 2923759, at *2 (presuming evidence was sufficient to support county court's judgment where appellant argued the appellee failed to provide notice under section 24.005 but failed to provide reporter's record).

4

As part of his issue, Wethy attempts to rely upon documents that do not appear in the clerk's record. Among these documents are affidavits executed by the Ortizes and by Wethy averring that they never received the notice to vacate required under section 24.005. In his brief, Wethy states that these affidavits were filed in the justice court but that the justice court failed to forward them to the county court. Wethy requested the county clerk to supplement the clerk's record with these affidavits. The county clerk informed this court that the requested affidavits were from the justice court and that the county court did receive those affidavits from the justice court. The county clerk further stated that he contacted the justice court, which informed him that there were no additional documents in its case and that the county court had the complete file.

Subsequently, Wethy attempted to file the affidavits directly with this court. We informed him, however, that the trial court clerk is responsible for preparing, certifying, and timely filing the clerk's record. *See* Tex. R. App. P. 35.3(a). We further informed Wethy that if he believed a filing designated for inclusion in the clerk's record had been lost, then he should follow the procedure for supplementing the record contained in appellate rule 34.5(e). Wethy did not supplement the record under rule 34.5(e). Instead, he attached the affidavits as exhibits to his appellant's brief and requested this court to consider them.

It is well established that we may not consider matters outside of the appellate record, which includes documents attached to a brief as an exhibit. *Greystar, LLC v.*

*Adams*, 426 S.W.3d 861, 865 (Tex. App.—Dallas 2014, no pet.). The affidavits Wethy attached to his brief do not appear in the appellate record. Thus, we must decline his request that we consider them in this appeal. In the absence of a reporter's record, we must presume that the county court had before it and passed on all necessary facts to support its judgment and that sufficient evidence supports the judgment. *See Public*, 264 S.W.3d at 341–42.

We overrule Wethy's first issue.

### III. JURY TRIAL

In his second issue, Wethy argues the county court violated his right to a jury trial by conducting a bench trial. We review a trial court's refusal to grant a jury trial for an abuse of discretion.

To invoke and perfect the right to a jury trial in a civil case, a party must comply with the applicable rules of civil procedure. *Singh v. Fed. Nat'l Mortg. Ass'n*, No. 03-14-00354, 2014 WL 6893696, at *3 (Tex. App.—Austin Dec. 5, 2014, no pet.) (mem. op.). Rule 216 requires a party to make a jury request and pay the jury fee "a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance." Tex. R. Civ. P. 216. The clerk's record does not reflect that a jury fee was paid, and Wethy has not directed us to any record or evidence to the contrary. Nevertheless, for purposes of this appeal, we will assume Wethy perfected his right to a jury trial.

Still, a party that has perfected its right to a civil jury trial may subsequently waive that right. *See In re M.P.B.*, 257 S.W.3d 804, 811 (Tex. App.—Dallas 2008, no pet.); *Addicks v. Sickel*, No. 02-03-00218-CV, 2005 WL 737419, at *2–3 (Tex. App.—Fort Worth Mar. 31, 2005) (mem op.). To preserve his complaint that he was denied his perfected right to a trial by jury, Wethy was required to either object on the record to the county court's action or indicate affirmatively in the record that he intended to stand on his perfected right to a jury trial. *See M.P.B.*, 257 S.W.3d at 811; *Addicks*, 2005 WL 737419, at *2–3.

Showing preservation is a tall order here. In the absence of a reporter's record, we can only look to the clerk's record to ascertain whether Wethy preserved his complaint about the denial of a jury trial. Nothing in the clerk's record shows that Wethy objected to the lack of a jury trial or affirmatively indicated that he intended to stand on his perfected right to a jury trial before the county court conducted the bench trial. The clerk's record reflects that Wethy's post-judgment motion for reconsideration was the first time he complained about the lack of a jury trial, and this was too late to preserve error. *See In re A.Ja.T.*, No. 05-18-00705-CV, 2018 WL 5993905, at *4 (Tex. App.—Dallas Nov. 15, 2018, no pet.) (mem. op.) (holding objection to denial of a jury trial was untimely where parties did not object until after the bench trial had already commenced). Further, a defendant's failure to appear for trial waives the perfected right to a jury trial. *See* Tex. R. Civ. P. 220; *In re Marriage of Harrison*, 557 S.W.3d 99, 136–37 (Tex. App.—Houston [14th Dist.] 2018, pet. denied);

7

*Addicks*, 2005 WL 737419, at \*3.  And the county court's order here states that the defendants failed to appear for trial.  We conclude that Wethy failed to preserve his complaint that the county court denied his right to a jury.

We overrule Wethy's second issue.

## IV.  CONCLUSION

Having overruled all of Wethy's issues, we affirm the county court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered:  May 23, 2019

8