**Dismissed as Moot in Part, Affirmed in Part, and Opinion filed April 25, 2024.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00557-CV

### BRAZORIA CIVIC CLUB, Appellant

### V.

### BRAZORIA COUNTY APPRAISAL DISTRICT, Appellee

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 117254-CV**

# OPINION

In this property-tax dispute a property owner appeals the trial court's interlocutory order granting the appraisal district's jurisdictional plea and dismissing the owner's claims against the appraisal district for lack of subject-matter jurisdiction. We grant in part and deny in part the appraisal district's motion to dismiss this appeal as moot. As to the part of the appeal that is not moot, we conclude that the owner was able to protest each of its claims under the Property Tax Code. The procedures prescribed by the Property Tax Code for the

adjudication of protests are the exclusive remedies for these claims, and the trial court lacks subject-matter jurisdiction to consider the property owner's claims. Therefore, as to the remainder of the appeal, we affirm the trial court's order granting the appraisal district's jurisdictional plea.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff Brazoria Civic Club (the "Club") alleges that it is an unincorporated association formed in the early 1960s that qualifies as a charitable organization as provided by Tax Code section 11.18. The Club owns two tracts of real property in Brazoria, Texas, and a building on one of the tracts (collectively the "Properties"). The building was used as a meeting place by various organizations, churches, auxiliaries, and youth groups. Based on an application that was submitted by the Civic Club in the 1980s, the Properties apparently were treated by appellee/defendant Brazoria County Appraisal District (the "Appraisal District") as being entitled to an exemption from property taxation under Tax Code section 11.18.

Starting in the 2016 tax year, the Appraisal District stopped treating the Properties as being entitled to an exemption, and property taxes were assessed against the Properties. The Club alleges that the chief appraiser of the Appraisal District did not deliver to the Club a written notice under Tax Code section 11.43(c) that a new application for exemption was required. The Club contends that the Appraisal District removed the tax exemption from the Properties without prior notice.

The record reflects that on or about December 20, 2019, Brazoria County, City of Brazoria, Brazoria County Emergency Services District #2, Brazoria County Emergency Services District #6, Columbia-Brazoria Independent School District, Port Freeport, West Brazos Drainage District #11, and Special Road and

2

Bridge District (the "Taxing Units") filed suit in Cause Number 106132-T in the 239th District Court seeking foreclosure of tax liens on the Properties based on property taxes, penalties, and interest due for tax years 2016 through 2019 (the "Foreclosure Suit").[1] The Taxing Units filed suit against "Brazoria Civic Club, An Entity of Unknown Type and Unknown Status" (the "Foreclosure Defendant"). It appears from the record that the only manner by which citation was served on the Foreclosure Defendant was by posting a copy of the citation at the usual and customary place for posting public notices at the door of the county courthouse in Brazoria County, Texas. On the motion of the Taxing Units, the trial court signed an order stating that the Foreclosure Defendant had not filed an answer and that the trial court appointed an attorney ad litem to defend the Foreclosure Suit on behalf of the Foreclosure Defendant ("Attorney Ad Litem").

On July 8, 2020, the attorney who represents the Club in this appeal sent a letter to the Appraisal District stating that (1) she attached a form 50-115 (Application for Charitable Organization Property Tax Exemption) for the Club; (2) she had represented the Club in a legal matter in the past; (3) she was notified by the Attorney Ad Litem that the Properties were scheduled for trial on July 17, 2020 regarding delinquent taxes; (4) to the best of her recollection the Club is an unincorporated association that had an exemption; (5) the Club did not received two letters that the Appraisal District sent to the Club's former address in 2016. Attached to the letter was an application for a charitable organization property tax exemption on behalf of the Club for tax years 2016 through 2020 (the "First Application"). The First Application was signed by the Club's Vice President and provided the Club's current mailing address. According to the First Application, the Club is not organized exclusively to perform religious, charitable, scientific,

---

[1] The Appraisal District was not a plaintiff or party in the Foreclosure Suit.

literary, or educational purposes.

On December 11, 2020, a bench trial was held in the Foreclosure Suit at which the Club did not appear. Four days later the trial court signed a final judgment ("Final Judgment") in which the trial court (1) stated that the Foreclosure Defendant had failed to appear or answer; (2) determined that the Taxing Entities had valid claims for delinquent taxes, penalties, interest, and costs that are secured by tax liens against the Properties; (3) stated amounts of valid claims for the Taxing Entities as to the first tract for tax years 2016 to 2019 in the aggregate amount of $1,494.62; (4) stated amounts of valid claims for the Taxing Entities as to the second tract for tax years 2016 to 2019 in the aggregate amount of $823.58; (5) determined that the market value of the first tract was $11,760; (6) determined that the market value of the second tract was $9,610; (7) rendered judgment in favor of the Taxing Units in rem only for the amounts stated in the judgment; (8) recognized tax liens on the Properties to secure the payments of these amounts and ordered foreclosure of the tax liens; and (9) ordered the Properties sold to satisfy the amounts secured by the tax liens.

On August 2, 2021, an Order of Sale was issued. On September 7, 2021, the first tract was sold at a public sale for $9,800, and the second tract was sold at a public sale for $6,000 (collectively, the "Tax Sales"). On December 22, 2021, the Appraisal District notified the Club that it had denied the First Application. Within thirty days the Club appealed this decision by filing a written notice of protest with the Brazoria County Appraisal Review Board ("ARB") in which the Club asserted that (1) the Club's protest is based on the denial, modifiction, or cancellation of an exemption; (2) the Club's protest is based on the failure to send required notice; (3) the Properties should not be taxed by any of the Taxing Units; (4) the Club's exemption was improperly removed due to the failure to receive proper notice; (5)

the Club did not receive notice of trial; and (6) the Club's Vice President was not served with notice of the Foreclosure Suit or the sale of the Properties.

On January 20, 2022, the Club filed a second application with the Appraisal District seeking a tax exemption for tax years 2016 through 2022 (the "Second Application"). According to the Second Application, the Club is not organized exclusively to perform religious, charitable, scientific, literary, or educational purposes. On February 16, 2022, the Appraisal District notified the Club that (1) as to tax years 2021-2022, the Appraisal District had denied the Second Application for various reasons, including that the Club is not organized exclusively to perform religious, charitable, scientific, literary, or educational purposes; and (2) as to tax years 2016-2020, the Appraisal District had already denied the First Application, in which the Club sought an exemption for these tax years.

On March 28, 2022, the Club filed suit in the trial court below in Cause Number 117254-CV against the Taxing Units, the Appraisal District, and others (the "Club's Suit"). In its live pleading when the trial court granted the Appraisal District's plea to the jurisdiction ("Live Pleading"), the Club asserted that (1) the pleading is a bill of review as to the Final Judgment, a petition to set aside the Final Judgment, a petition for injunctive relief, and an appeal of the Appraisal District's denial of exemption and other rulings; (2) though the Appraisal District was not a party to the Foreclosure Suit, the Appraisal District is a necessary party in the Club's Suit because the Appraisal District's removal of the Club's tax exemption resulted in the Tax Sales of the Properties; (3) the Club is entitled to bill of review relief as to the Final Judgment because service of process was not effectuated on the Club in the Foreclosure Suit; (4) the Appraisal District denied the Club due process by removing the Club's property tax exemption without notice or a hearing; (5) the Club did not receive notice of the trial in the

Foreclosure Suit, and the trial court clerk did not send the Club notice of the Final Judgment; (6) the Final Judgment and the public sale of the Properties were void and should be set aside; and (7) the Club sought a temporary restraining order and temporary injunction prohibiting the buyers of the Properties at the Tax Sales from selling or disposing of either of the Properties. In the Live Pleading, the Club sought the following relief: (1) bill of review relief setting aside the Final Judgment; (2) an order setting aside the Order of Sale; (3) an order retroactively reinstating the Club's property tax exemption; and (4) an award of damages and attorney's fees.

The Appraisal District filed a plea to the jurisdiction ("Jurisdictional Plea") asserting among other things that (1) Tax Code section 41.41 allows a property owner to protest the denial of an exemption or any other action; (2) Tax Code section 41.411 allows a property owner to protest the failure of the chief appraiser to provide or deliver any notice to which the property owner is entitled, and the deadline to file such a protest is 125 days after the property owner first received written notice of the taxes in question; (3) under Tax Code section 42.09, the exclusive remedies for the Club's complaints are the procedures prescribed by the Property Tax Code[2] and these procedures do not include the Club's Suit; and (4) the Club had a tax protest pending but had not yet had a hearing before the ARB. The Club responded in opposition to the Jurisdictional Plea. The trial court conducted an oral hearing on the plea. At the hearing, counsel for the Appraisal District stated that the Club had filed a protest as to whether the Properties qualify for a charitable exemption and as to whether the Club did not receive notice to which it was entitled and that those protests were awaiting a hearing before the

---

[2] The Property Tax Code is title 1 of the Tax Code, to which Tax Code section 42.09(a) refers. *See* Tex. Tax Code Ann. § 42.09(a).

ARB. The trial court signed an interlocutory order granting the Jurisdictional Plea and dismissing the Club's claims against the Appraisal District (the "Order"). The Club timely perfected this interlocutory appeal from the Order.

In September 2022, while this appeal was pending, the Taxing Units filed a motion in the Foreclosure Suit under Tax Code section 33.56, asking the trial court to set aside the Final Judgment and the Tax Sales. The purchasers of the Properties at the Tax Sales agreed that these sales should be voided and the Properties returned to the Club. The trial court in the Foreclosure Suit signed an order granting the motion to set aside the Final Judgment. The Club filed a motion in which it challenged the language used by the court in one paragraph of the order. After a hearing on the Club's motion, the trial court ruled that it would revise the language in this paragraph. The trial court in the Foreclosure Suit signed an amended order granting the motion to set aside the Final Judgment and ordering that (1) any tax sale based on the Final Judgment and any subsequent resale are vacated; (2) the Sheriff's deeds to the purchasers at the Tax Sales are voided; (3) the Foreclosure Suit is revived in accordance with Tax Code section 33.56(f); (4) all delinquent taxes, penalties, interest, attorney's fees, ad litem fees and court costs are reinstated and due, and will be adjudicated at a later date; and (5) the purchase price paid by the buyers of the Properties at the Tax Sales shall be refunded (the "Vacatur Order"). The Appraisal District filed a motion to dismiss this appeal for want of jurisdiction arguing that the Vacatur Order moots this appeal. The Club filed a response in opposition arguing that this appeal is not moot.

After the Appraisal District filed its appellee's brief in this appeal, the Club filed an amended appellant's brief seeking to add a sixth issue that it did not present in its original brief. The Appraisal District has filed a motion to strike the

amended brief, and the Club has filed a response in opposition.

## II. ISSUES AND ANALYSIS

### A. Should this appeal be dismissed as moot?

In its motion to dismiss this appeal for want of jurisdiction the Appraisal District contends that the Vacatur Order moots this appeal because the trial court in the Foreclosure Suit has granted all the relief that could be granted in the Club's Suit. Appellate courts are not to decide moot controversies. *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). This rule is based on constitutional prohibitions against rendering advisory opinions. *See id*; *see also Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000). A case becomes moot when (1) a justiciable controversy no longer exists between the parties, (2) the parties no longer have a legally cognizable interest in the case's outcome, (3) the court can no longer grant the requested relief or otherwise affect the parties' rights or interests, or (4) any decision would constitute an impermissible advisory opinion. *Electric Reliability Council of Texas, Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634–35 (Tex. 2021).

A bill of review is an independent, equitable proceeding brought by a party to a prior action seeking to set aside a judgment in that action that is no longer subject to challenge by a motion for new trial or a direct appeal. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). In the Live Pleading the Club sought bill-of-review relief, asking the trial court to set aside the Final Judgment. In its motion to dismiss, the Appraisal District indicates that this bill-of-review relief is the only relief sought by the Club. But in addition to this relief, the Club also sought the following relief in its Live Pleading: (1) an order setting aside the Order of Sale; (2) an order retroactively reinstating the Club's property tax exemption;

8

and (3) an award to the Club of damages and attorney's fees.

In the Vacatur Order the court set aside the Final Judgment, vacated any tax sale based on the Final Judgment and any subsequent resale, and voided the Sheriff's deeds to the purchasers at the Tax Sales. In this context, we conclude that after the rendition of the Vacatur Order, the trial court in the Club's Suit can no longer grant the following relief requested by the Club: (1) bill of review relief setting aside the Final Judgment; or (2) an order setting aside an order of sale issued pursuant to the Final Judgment (collectively the "Relief"). Thus, to the extent that the Club appeals a part of the Order that applies to a request for the Relief, this appeal from the Order is moot. *See Electric Reliability Council of Texas, Inc.*, 619 S.W.3d at 634–35; *In re Int'l Agencies Co., Ltd.*, No. 01-16-00383-CV, 2016 WL 6462199, at *1 (Tex. App.—Houston [1st Dist.] Nov. 1, 2016, orig. proceeding) (dismissing mandamus petition as moot after relator received the relief requested—vacatur of two orders issued by the respondent); *Zapata v. Clear Creek Indep. Sch. Dist.*, No. 01-15-00346-CV, 2015 WL 7737626, at *1 (Tex. App.—Houston [1st Dist.] Dec, 1, 2015, no pet.) (mem. op.) (concluding that appeal from tax-delinquency judgment was moot because trial court had granted motion to vacate the judgment under Tax Code section 33.56).

Nonetheless, the Club sought other relief that the trial court did not grant in the Vacatur Order, such as an order retroactively reinstating the Club's property tax exemption and an award to the Club of damages and attorney's fees. As to its claims for relief other than the Relief, we conclude that (1) a justiciable controversy still exists between the parties, (2) the parties still have a legally cognizable interest in the case's outcome, (3) the trial court still could grant the requested relief or otherwise affect the parties' rights or interests, or (4) any decision would not constitute an impermissible advisory opinion. *See Electric*

9

*Reliability Council of Texas, Inc.*, 619 S.W.3d at 634–35; *In re C.C.E.*, 530 S.W.3d 314, 318–19 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

The Club suggests that the Vacatur Order does not moot any part of this appeal because the Vacatur Order is void on the ground that the court signed the order after it had lost plenary power over the Final Judgment. After a trial court's plenary power over a final judgment has expired, the trial court generally cannot sign an order in the same case in which the court sets aside, vacates, modifies, corrects, or reforms its judgment, and an order in which the trial court does so generally is void. *See In re Martinez*, 478 S.W.3d 123, 126 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding). There are some exceptions to this rule. *See id*. Under one of the exceptions to this rule, courts have concluded that Tax Code section 33.56 places no time limits on seeking an order under that statute vacating a judgment and that trial courts may issue such an order after the trial court loses plenary power over the judgment. *See* Texas Tax Code Ann. § 33.56 (West, Westlaw through 2023 4th C.S.); *Kaminetzky v. Houston Indep. Sch. Dist.*, No. 14-02-00584-CV, 2003 WL 22019540, at *1–3 (Tex. App.—Houston [14th Dist.] Aug. 28, 2003, no pet.) (affirming the trial court's vacatur of a judgment under Tax Code section 33.56 after the trial court lost plenary power over the judgment and stating that section 33.56 places no time limits on seeking an order vacating the judgment) (mem. op.); *Zapata*, 2015 WL 7737626, at *1 (concluding that appeal from tax-delinquency judgment was moot because trial court had granted motion to vacate the judgment under Tax Code section 33.56 in case in which the judgment was vacated after the trial court lost plenary power over the judgment); *Estate of Springer v. Dallas County*, No. 05-09-00452-CV, 2010 WL 1909597, at *3 (Tex. App.—Dallas May 12, 2010, no pet.) (rejecting argument that the trial court lacked jurisdiction to vacate a judgment under Tax Code section 33.56 after the court lost plenary power over the judgment) (mem. op.). Therefore, the Vacatur Order is not

10

void on the ground that the court signed the order after it had lost plenary power over the Final Judgment. *See Kaminetzky*, 2003 WL 22019540, at \*1–3; *Zapata*, 2015 WL 7737626, at \*1; *Estate of Springer*, 2010 WL 1909597, at \*3.

The Club also asserts that because it filed suit before the Taxing Units sought to have to the Final Judgment set aside under Tax Code section 33.56, the Club's Suit is the appropriate means for setting aside the Final Judgment rather than vacatur under section 33.56. The Club cites no authority for this proposition. Under the unambiguous language of section 33.56, we conclude that the filing of the Club's Suit did not prevent the trial court in the Foreclosure Case from setting aside the Final Judgment under section 33.56. *See* Texas Tax Code Ann. § 33.56.

The Club also asserts that the Vacatur Order does not moot any part of this appeal because the order was not based on any of claims asserted by the Club in the Club's Suit. Even presuming that this is so, this appeal is moot to the extent that the Vacatur Order prevents the court in the Club's Suit from granting the relief requested by the Club, even if the basis for granting the Vacatur Order does not include a claim asserted in the Club's Suit. *See Electric Reliability Council of Texas, Inc.*, 619 S.W.3d at 634–35; *Zapata*, 2015 WL 7737626, at \*1.

To the extent that the Club appeals a part of the Order that applies to a request for the Relief, we grant the Appraisal District's motion to dismiss for want of jurisdiction and dismiss that portion of the appeal as moot. *See Electric Reliability Council of Texas, Inc.*, 619 S.W.3d at 634–35; *In re Int'l Agencies Co., Ltd.*, 2016 WL 6462199, at \*1; *Zapata*, 2015 WL 7737626, at \*1. We conclude that the remainder of the appeal is not moot and deny the remainder of the Appraisal District's motion to dismiss for want of jurisdiction. *See Electric Reliability Council of Texas, Inc.*, 619 S.W.3d at 634–35; *In re C.C.E.*, 530 S.W.3d at 318–19.

11

**B.      Should the Club's Amended Brief be stricken?**

More than six months after the Appraisal District filed its appellee's brief in this appeal and two days before the case was submitted to this court for decision, the Club filed an amended appellant's brief. Though the Club did not seek leave to amend its brief, the Appraisal District has filed a motion to strike the amended brief, and the Club has filed a response in opposition. The original appellant's brief presents five appellate issues. The amended brief presents those five issues and the same briefing under them and also adds a sixth issue with new briefing under that issue. The Club added the following items as attachments to its amended brief that were not attached to the original brief: (1) a transcription of the audio of a hearing conducted before the ARB on January 18, 2023 regarding protests asserted by the Club as to the Properties, and (2) documents relating to these protests. These attached documents are not part of the appellate record, and the Club does not argue based on these documents that this court lacks subject-matter jurisdiction. The Club's new issue challenges the merits of the Order but is based on what transpired at the hearing on January 18, 2023, which occurred after the date on which the trial court signed the Order. Because these documents attached to the amended brief are not in the appellate record and were not before the trial court when it granted the Jurisdictional Plea, we do not consider these documents in adjudicating the merits of this appeal. *See Ginn v. Pierce*, 595 S.W.3d 762, 766 (Tex. App.—Houston [14th Dist.] 2019, pet. denied); *In re C.C.E.*, 530 S.W.3d at 317, n.1. An appellate court's review of the merits of a trial court's ruling is limited to the record in the trial court when the trial court ruled, and the appellate court does not consider events that occurred after the trial court's ruling. *See Perry Homes v. Cull*, 258 S.W3d 580, 596 n.89 (Tex. 2008); *Univ. of Tex. v. Morris*, 162 Tex. 60, 344 S.W.2d 426, 429 (1961); *Ginn*, 595 S.W.3d at 766. The sixth issue

added in the amended briefs is based on events that occurred after the trial court's ruling.

Under Texas Rule of Appellate Procedure 38.7 "[a] brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe." Tex. R. App. P. 38.7. Generally, a party must seek leave of court to file an amended or supplemental brief, and the appellate court has some discretion in deciding whether to allow the filing. *See Standard Fruit and Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998). The Club did not seek leave to file its amended brief.

The Club asserts that in an abundance of caution it amended its appellate brief so as not to violate Rules 3.01, 3.02, and 3.03 of the Texas Disciplinary Rules of Professional Conduct. *See* Tex. Disciplinary R. Prof'l Conduct R. 3.01, 3.02, 3.03, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A (West, Westlaw through 2023 4th C.S.). The Club states that Rule 3.01 warrants the amendment of its brief. Therefore, the Club contends that justice requires this amendment. The Texas Disciplinary Conduct applicable to lawyers "are not designed to be standards for procedural decisions." Tex. Disciplinary R. Prof'l Conduct preamble ¶ 15, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A (West, Westlaw through 2023 4th C.S.); *Guyton v. Monteau*, 332 S.W.3d 687, 693–94 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Other than citing and quoting the three rules and the comments thereto, the Club cites no other legal authority regarding any of the rules. The Club does not cite any case in which a court addresses whether any of these rules applies to an appellate court's determination as to whether the court should strike an amended appellate brief. The Club does not provide any argument, analysis, or citations to legal authority in support of the proposition that any of these rules applies to an appellate court's determination as

to whether the court should strike an amended appellate brief. Even construing the Club's briefing liberally, we cannot conclude that the Club has adequately briefed this point, and so we find briefing waiver. *See Marathon Petroleum Co. v. Cherry Moving Co.*, 550 S.W.3d 791, 798 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

We conclude that justice does not require that the Club's brief be amended, and we grant the Appraisal District's motion to strike the amended brief. *See Standard Fruit and Vegetable Co.*, 985 S.W.2d at 65; *ERC Midstream LLC v. American Midstream Partners, LP*, 497 S.W.3d 99, 108 n.2 (Tex. App.—Houston [14th Dist.] 2016, no pet.). We strike the amended brief including the documents attached thereto, and we will analyze this appeal based on the Club's original brief.

## C. Does the Appraisal District's alleged failure to comply with statutory notice provisions preclude it from asserting an immunity defense because neither the Appraisal District nor the ARB ever acquired jurisdiction?

In its first issue, the Club asks whether the Appraisal District's alleged failure to comply with statutory notice provisions precludes an immunity defense by it because neither the Appraisal District nor the ARB ever acquired jurisdiction. In filing the Jurisdictional Plea, the Appraisal District challenged the trial court's subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Because subject-matter jurisdiction is a question of law, we conduct a de novo review of the trial court's granting of the Jurisdictional Plea. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Our appellate jurisdiction in this interlocutory appeal is limited to the issues of subject-matter jurisdiction, and we may not address the merits of the case. *See Houston Indep. Sch. Dist. v. 1615 Corp.*, 217 S.W.3d 631, 635 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). In the Jurisdictional Plea the Appraisal District asserted that

14

under Tax Code section 42.09, the exclusive remedies for the Club's complaints are the procedures prescribed by the Property Tax Code and these procedures do not include the Club's Suit. *See* Texas Tax Code Ann. § 42.09 (West, Westlaw through 2023 4th C.S.).

The collection of taxes constitutes deprivation of property; therefore a taxing authority must afford a property owner due process of law. *See Verm v. Harris County Appraisal Dist.*, No. 14-06-01046-CV, 2008 WL 2580041, at *3 (Tex. App.—Houston [14th Dist.] Jul. 1, 2008, no pet.) (mem. op.). Texas courts have concluded that due process is satisfied in cases involving taxation in which the taxpayer is given an opportunity to be heard before an assessment board at some stage of the proceedings. *See id*. The Property Tax Code provides detailed administrative procedures for those who would contest their property taxes. *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006); *see generally* Tex. Tax Code Ann. chs. 41–42 (West, Westlaw through 2023 4th C.S.). Under chapter 41 of the Tax Code, property owners are entitled to administratively protest various matters. *See* Tex. Tax Code Ann. § 41.41(a). *See* Tex. Tax Code Ann. chs. 41–42 (West, Westlaw through 2023 4th C.S.). Section 41.41 lists eight actions that may be protested by a property owner, including "denial to the property owner in whole or in part of a partial exemption." *Id.* In addition, subsection (a)(9) authorizes the protest of "any other action of the chief appraiser, appraisal district, or appraisal review board that applies to and adversely affects the property owner." *Id.* A property owner generally must file a written notice of protest within thirty days after the owner receives a notice of the appraised value of the property. *See* Tex. Tax Code Ann. § 41.44(a) (West, Westlaw through 2023 4th C.S.).

In addition, a property owner is entitled to protest the failure of the chief appraiser or the appraisal review board to provide or deliver any notice to which

the property owner is entitled. *See id.* § 41.411(a) (West, Westlaw through 2023 4th C.S.). If a failure to provide or deliver the notice is established, the appraisal review board shall determine a protest made by the property owner on any other grounds of protest authorized by the Property Tax Code relating to the property to which the notice applies. *See id.* § 41.411(b) (West, Westlaw through 2023 4th C.S.). A property owner who files a protest under Section 41.411 on or after the date the taxes on the property to which the notice applies became delinquent, but not later than the 125th day after the property owner, in the protest filed, claims to have first received written notice of the taxes in question, is entitled to a hearing on the issue of whether one or more taxing units timely delivered a tax bill. *See* Tex. Tax Code Ann. § 41.44 (c-3). If at the hearing the appraisal review board determines that all of the taxing units failed to timely deliver a tax bill, the board shall determine the date on which at least one taxing unit first delivered written notice of the taxes in question, and for the purposes of section 41.44 the delinquency date is postponed to the 125th day after that date. *See id.*

A complaint that an exemption from taxation for the property was improperly removed may be raised by a protest under Tax Code section 41.41. *See* Tex. Tax Code Ann. § 41.41(a); *Harris County Appraisal Dist. v. Nunu*, No. 14-08-00528-CV, 2009 WL 2620732, at *1–2 (Tex. App.—Houston [14th Dist.] Aug. 27, 2009, pet. denied) (mem. op.). Likewise, a property owner may protest the failure of an appraisal district to provide the notice required under Tax Code section 11.43(c), thus depriving the owner of due process. *See id.* § 41.411(a); *Public, Inc. v. County of Galveston*, 264 S.W.3d 338, 342 (Tex. App.—Houston [14th Dist.] 2008, no pet.). A property owner may file a petition for review in district court against the appraisal district to appeal an order by the appraisal review board determining the property owner's protest. *See* Tex. Tax Code Ann.

§§ 42.01, 42.21 (West, Westlaw through 2023 4th C.S.). Review in the district court is by trial de novo. *Id.* § 42.23(a). (West, Westlaw through 2023 4th C.S.). Except as to two situations that do not apply in today's case,[3] the procedures prescribed by the Property Tax Code for adjudication of the grounds of protest authorized by the Property Tax Code are exclusive, and a property owner may not raise any of those grounds (1) in defense to a suit to enforce collection of delinquent taxes; or (2) as a basis of a claim for relief in a suit by the property owner to arrest or prevent the tax collection process or to obtain a refund of taxes paid. *See id.* § 42.09(a) (West, Westlaw through 2023 4th C.S.); *Rourk*, 194 S.W.3d at 502; *Public, Inc.*, 264 S.W.3d at 342–43; *1615 Corp.*, 217 S.W.3d at 638. In a suit that is not a procedure prescribed by the Property Tax Code, if a property owner asserts a claim that is a ground of protest authorized by the Property Tax Code, the district court lacks subject-matter jurisdiction over the claim. *See Rourk*, 194 S.W.3d at 502; *Public, Inc.*, 264 S.W.3d at 343; *1615 Corp.*, 217 S.W.3d at 637–38.

The Club claims that the Appraisal District should not have removed its exemption that had been applied to the Properties before 2016 because the Properties were still entitled to an exemption from taxation under Tax Code section 11.18. *See* Tex. Tax Code Ann. § 11.18 (West, Westlaw through 2023 4th C.S.).

---

[3] The two exceptions are that "[a] person against whom a suit to collect a delinquent property tax is filed may plead as an affirmative defense: (1) if the suit is to enforce personal liability for the tax, that the defendant did not own the property on which the tax was imposed on January 1 of the year for which the tax was imposed; or (2) if the suit is to foreclose a lien securing the payment of a tax on real property, that the property was not located within the boundaries of the taxing unit seeking to foreclose the lien on January 1 of the year for which the tax was imposed." Tex. Tax Code Ann. § 42.09(b). The Foreclosure Suit was not a suit to enforce personal liability, and the Club does not assert that either of the Properties was not located within the boundaries of any taxing unit seeking to foreclose the lien on January 1 of the year for which the tax was imposed.

The Club also claims that the Appraisal District removed the Properties' exempt status under Tax Code section 11.18 without notice to the Club and without an opportunity to be heard, in violation of Tax Code section 11.43(c), the Due Process Clause of the Fourteenth Amendment, and the due course of law provision of the Texas Constitution. Under binding precedent, the Club may protest each of these claims under the Property Tax Code. *See id.* §§ 41.41, 41.411; *Public, Inc.*, 264 S.W.3d at 342 (concluding that a property owner may protest a claim that an appraisal district did not provide the required notice under Tax Code section 11.43(c), thus depriving the owner of due process and the owner's ability to protest the removal of the exemption); *Nunu*, No. 14-08-00528-CV, 2009 WL 2620732, at *1–2 (reversing district court's judgment and rendering judgment that property owner's homestead exemption was properly canceled in part under Tax Code section 11.43(h)[4] & (i),[5] after owner protested this partial cancelation before the appraisal district and the appraisal review board, and appealed the review board's decision to the district court); *1615 Corp.*, 217 S.W.3d at 633, 637–38 (concluding

---

[4] Tax Code section 11.43(h) provides as follows:

If the chief appraiser learns of any reason indicating that an exemption previously allowed should be canceled, the chief appraiser shall investigate. Subject to Subsection (q), if the chief appraiser determines that the property should not be exempt, the chief appraiser shall cancel the exemption and deliver written notice of the cancellation within five days after the date the exemption is canceled.

Tex. Tax Code Ann. § 11.43(h) (West, Westlaw through 2023 4th C.S.).

[5] Tax Code section 11.43(i) provides as follows:

If the chief appraiser discovers that an exemption that is not required to be claimed annually has been erroneously allowed in any one of the five preceding years, the chief appraiser shall add the property or appraised value that was erroneously exempted for each year to the appraisal roll as provided by Section 25.21 of this code for other property that escapes taxation. If an exemption that was erroneously allowed did not apply to all taxing units in which the property was located, the chief appraiser shall note on the appraisal records, for each prior year, the taxing units that gave the exemption and are entitled to impose taxes on the property or value that escaped taxation.

Tex. Tax Code Ann. § 11.43(i) (West, Westlaw through 2023 4th C.S.).

that the procedures prescribed by the Property Tax Code for adjudication of the grounds of protest authorized by the Property Tax Code were the exclusive remedies for a complaint that a homestead exemption was improperly removed). Therefore, the procedures prescribed by the Property Tax Code for the adjudication of the grounds of protest authorized by the Property Tax Code are the exclusive remedies for these claims, and the trial court lacks subject-matter jurisdiction to consider these claims in the Foreclosure Suit, which is not one of the procedures prescribed by the Property Tax Code for the adjudication of the grounds of protest.[6] *See* Tex. Tax Code Ann. § 42.09(a); *Rourk*, 194 S.W.3d at 502; *Public, Inc.*, 24 S.W.3d at 342–45; *1615 Corp.*, 217 S.W.3d at 633, 637–38.

Relying on the *Inwood Dad's Club* case, the Club argues that (1) because no notice was given of the change in exemption status, the Appraisal District never acquired jurisdiction to remove the exemption for the Properties, and this removal was a void act that the Club may challenge at any time without exhausting its administrative remedies; and (2) the removal of an exemption is not something that may be protested under the Tax Code. *See Inwood Dad's Club, Inc. v. Aldine Indep. Sch. Dist.*, 882 S.W.2d 532 (Tex. App.—Houston [1st Dist.] 1994, no writ). The *Inwood Dad's Club* court followed the analysis of the court in *Garza v. Block Distributing Company*, concluding that the tax appraiser's failure to give the owner notice of the removal of the exemption made the removal a void act that the owner could challenge without pursuing a protest under the Property Tax Code. *See*

---

[6] In the Live Pleading, the Club alleged in the alternative that the Club appeals from the Appraisal District's denial of the exemption. The Property Tax Code prescribes an appeal by the property owner from an order of the appraisal review board that determines a protest by the property owner. *See* Texas Tax Code Ann. § 42.01, *et seq*. (West, Westlaw through 2023 4th C.S.). The Property Tax Code does not prescribe an appeal by the property owner from the appraisal district's decision to the district court. *See id*. The record reflects that when the trial court granted the Jurisdictional Plea, the Club's protests were pending before the ARB but had not yet been heard.

*Inwood Dad's Club, Inc.*, 882 S.W.2d at 538–39; *Garza v. Block Distrib. Co.*, 696 S.W.2d 259, 262 (Tex. App.—San Antonio 1985, no writ). But the *Garza* case was decided before the Legislature enacted Tax Code section 41.411 providing that an owner may protest the failure of the chief appraiser or the appraisal review board to provide or deliver any notice to which the property owner is entitled. *See* Tex. Tax Code Ann. § 41.411(a); *Harris County Appraisal Dist. v. Pasadena Prop., LP*, 197 S.W.3d 402, 407 (Tex. App.—Eastland 2006, pet. denied); *Garza*, 696 S.W.2d at 262. A conclusion that a tax appraiser's failure to give the owner notice of the removal of the exemption makes the removal a void act and allows the owner to challenge the removal without pursuing a protest under the Property Tax Code would contradict the unambiguous language of Tax Code sections 41.411 and 42.09 and conflict with this court's opinion in the *Public* case. *See* Tex. Tax Code Ann. §§ 41.411(a), 42.09(a); *Public, Inc.*, 264 S.W.3d at 342 (presuming that the appraisal district failed to send the owner the notice required under Tax Code section 11.43(c) and concluding under Tax Code section 42.09 that the remedies under the Property Tax Code were the owner's exclusive remedies). Presuming that the Appraisal District removed the Properties' exempt status under Tax Code section 11.18 without notice to the Club, we conclude that (1) the Appraisal District still had jurisdiction to remove the exemption, (2) the removal of the exemption was not a void act, and (3) the remedies provided in the Property Tax Code are the Club's exclusive remedies for challenging the removal and the lack of notice. *See* Tex. Tax Code Ann. §§ 41.411(a), 42.09(a); *Public, Inc.*, 264 S.W.3d at 342; *Pasadena Prop.*, 197 S.W.3d at 407.

The Club also asserts that the removal of an exemption is not something that may be protested under the Tax Code. This assertion lacks merit under the unambiguous language of Tax Code section 41.41 and under this court's precedent. *See* Tex. Tax Code Ann. § 41.41(a)(9); *Nunu*, 2009 WL 2620732, at *1–2; *Public,*

*Inc.*, 264 S.W.3d at 342. Having concluded that all of the Club's arguments under the first issue lack merit, we overrule the first issue.

**D.    May this court address whether the Appraisal District's alleged denial of due process nullifies its removal of the tax exemption?**

In its second issue, the Club asks whether the Appraisal District's alleged denial of due process nullifies its removal of the tax exemption. The Club asserts that its due process rights were denied when the Appraisal District made the determination to remove the Club's tax exempt status. The assertion and the inquiry contained in the second issue address the merits of the Club's claims, not whether the trial court had subject-matter jurisdiction over these claims. Our appellate jurisdiction in this interlocutory appeal is limited to issues of subject-matter jurisdiction, and we may not address the merits of the Club's claims. *See 1615 Corp.*, 217 S.W.3d at 635.

Under its second issue the Club states that the United States Court of Appeals for the Fifth Circuit in *Bowlby v. City of Aberdeen, Mississippi* found exhaustion of administrative remedies to be unnecessary, and then the Club quotes the *Bowlby* court's statement that "exhaustion of state remedies is not required before a plaintiff can bring suit under § 1983 for denial of due process." 681 F.3d 215, 222 (5th Cir 2012). This statement is not relevant to today's case because in the Live Pleading the Club did not assert a claim under title 42, section 1983 of the United States Code ("1983 Claim"). *See* 42 U.S.C. 1983.

Neither in its appellate brief nor in the trial court has the Club stated that it is asserting a 1983 Claim. The trial court did not sustain any special exceptions to the Live Pleading. As a reviewing court, we are to liberally construe the Live Pleading to contain any claims that reasonably may be inferred from the specific language used in the pleading and uphold the Live Pleading as to those claims, even if an element of a claim is not specifically alleged. *See SmithKline Beecham Corp. v.*

21

*Doe*, 903 S.W.2d 347, 354–55 (Tex. 1995). In making the assessment, we must look to the wording of the pleading; we cannot use a liberal construction of the Live Pleading as a license to read into it a claim that it does not contain. *Moneyhon v. Moneyhon,* 278 S.W.3d 874, 878 (Tex. App.—Houston [14th Dist.] 2009, no pet.). To prove a 1983 Claim against the Appraisal District, the Club would have to show that (1) the Club was deprived of a right or interest secured by the Constitution and laws of the United States, and (2) the deprivation occurred under color of state law. *See Barefield v. Bowman*, No. 6:23-CV-00040, 2023 WL 9596941, at *5 (S.D. Tex. Nov. 9, 2023). Because liability for a 1983 Claim may not be based on respondeat superior, to recover on a 1983 Claim against an entity like the Appraisal District, the Club would also have to prove (1) an official policy (2) promulgated by an Appraisal District policymaker (3) that was the moving force behind the violation of a constitutional right. *See Edwards v. City of Balch Springs, Texas*, 70 F.4th 302, 307 (5th Cir 2023). To establish the third element, the Club would have to show either that the policy itself was unconstitutional or that the policy was adopted with deliberate indifference to the known or obvious fact that a specific constitutional violation would follow. *See id.* at 307–08. Under the applicable legal standard, even liberally construing the Live Pleading, we conclude that the Club did not plead a 1983 Claim against the Appraisal District.[7] *See Edwards*, 70 F.4th at 307–08, *Barefield*, 2023 WL 9596941, at *5; *Brooks v. Burnet Central Appraisal Dist.*, 306 S.W.3d 419, 422 (Tex. App.—Austin 2010, no

---

[7] In any event this court has held that a trial court lacked subject-matter jurisdiction over a 1983 Claim based on an appraisal district's partial denial of a property-tax exemption because (1) principles of comity bar a 1983 Claim for damages challenging state taxes in Texas court if Texas law provides the taxpayer with an adequate legal remedy; and (2) Texas law provided an adequate legal remedy for the claims the plaintiff sought to bring under title 42, section 1983 of the United States Code. *See Harris County Appraisal Dist. v. Braun*, 625 S.W.3d 622, 625–31 (Tex. App.—Houston [14th Dist.] 2021, no pet.).

pet.).

Concluding that the second issue and the arguments the Club makes under it lack merit, we overrule the second issue.

**E.     Is the ARB the appropriate tribunal to determine whether the Appraisal District violated the exemption statute?**

In its third issue, the Club asks whether the ARB is the appropriate tribunal to determine whether the Appraisal District violated the exemption statute. The Club points out that Tax Code section 41.411 provides that a property owner is entitled to protest before the appraisal review board the failure of the chief appraiser to provide or deliver any notice to which the property owner is entitled. *See* Tex. Tax Code Ann. § 41.411(a). Though property owners have this right, the appraisal review board's determination is not conclusive, and the property owner may file a petition for review in the district court to appeal the decision of the appraisal review board on a protest under Tax Code section 41.411. *See* Tex. Tax Code Ann. §§ 42.01, 42.21. The review in the district court is by trial de novo. *See* Tex. Tax Code Ann. § 42.23(a).

Under the third issue, the Club asserts that the Appraisal District "has a personal, pecuniary interest in the outcome affecting [the Club's] property rights and therefore may not be decision maker with respect to the removed exemptions, because it has a pecuniary interest in ensuring that its decision(s) [are] upheld and that the County of which it is a part does not lose the money it obtained [from the Appraisal District's] assessment of ad valorem taxes." The Club does not provide any argument, analysis, or citations to the record in support of this proposition. Even construing the Club's briefing liberally, we cannot conclude that the Club has adequately briefed this point, and so we find briefing waiver. *See Marathon Petroleum Co.*, 550 S.W.3d at 798.

23

Under the third issue the Club contends that the Property Tax Code procedures are not the exclusive remedies for its complaints because these procedures only apply to a protest "for improper valuation of the property." This contention fails based on the unambiguous language of the applicable statutes and binding precedent. *See* Tex. Tax Code Ann. §§ 41.41, 41.411; *Nunu*, 2009 WL 2620732, at *1–2; *Public, Inc.*, 264 S.W.3d at 342; *1615 Corp.*, 217 S.W.3d at 633, 637–38.

The Club also asserts that the Property Tax Code procedures are not the exclusive remedies for its complaints because the procedures only apply to a property owner and the Club ceased being the owner of the Properties after the Tax Sales on September 7, 2021. First, the record shows that by July 8, 2020, the Club and its lawyer in this case had knowledge that the Foreclosure Suit was pending against the Club. The Tax Sales did not occur until September 7, 2021. Thus, for more than a year before the Tax Sales, while the Club was the owner of the Properties, the Club knew there were alleged property tax deficiencies for the Properties, and the Club had the ability to file a protest under Tax Code sections 41.41(a) and 41.411(a). *See* Tex. Tax Code Ann. §§ 41.41, 41.411; *Nunu*, 2009 WL 2620732, at *1–2; *Public, Inc.*, 264 S.W.3d at 342. The Property Tax Code does not define "property owner," but in this context the term generally means one who claims an interest in property being appraised and taxed. *See Panola County Appraisal Dist. v. Panola County Fresh Water Supply Dist. Number One*, 69 S.W.3d 278, 281 (Tex. App.—Texarkana 2002, no pet.). For the tax years 2016 through 2021, the Club was the record owner of the Properties on January 1 of each year. Even as to tax years 2021 and 2022, the Club asserted that the Tax Sales were void, which would make the Club the owner of the Properties. Thus, for all tax years that might be at issue regarding property taxes on the Properties, the Club

fell within the scope of the term "property owner" as used in the Property Tax Code. *See id.*

The Club also asserts that it was not entitled to a hearing on a protest under Tax Code section 41.411 because Tax Code section 41.44(c) requires a property owner protesting under this section to file its notice of protest before the taxes in question become delinquent, and the Club did not learn about the tax assessments until after they had become delinquent. *See* Tex. Tax Code Ann. § 41.44(c) (stating that "[a] property owner who files notice of a protest authorized by Section 41.411 is entitled to a hearing and determination of the protest if the property owner files the notice prior to the date the taxes on the property to which the notice applies become delinquent"). But Tax Code section 41.44(c-3) provides that, "[n]otwithstanding [section 41.44(c)], a property owner who files a protest under Section 41.411 on or after the date the taxes on the property to which the notice applies become delinquent, but not later than the 125th day after the property owner, in the protest filed, claims to have first received written notice of the taxes in question, is entitled to a hearing." *Id.* § 41.44(c-3).

Liberally construing the Club's brief, the Club argues that it forfeited its right to a determination of a protest under section 41.411 before it learned of the tax assessments because it did not comply with Tax Code section 41.4115. *See* Tex. Tax Code Ann. § 41.411(c) (stating that "[a] property owner who protests as provided by this section must comply with the payment requirements of Section 41.4115 or the property owner forfeits the property owner's right to a final determination of the protest"). But Tax Code section 41.4115 requires payment, subject to an exception, only as to "the amount of taxes due on the portion of the taxable value of the property subject to the protest that is not in dispute," and because the Club asserts that the Properties are exempt from taxation, there is no

amount of taxes that is not in dispute. Tex. Tax Code Ann. § 41.4115. Therefore, the Club would not have any payment obligation under section 41.4115. *See id.*

Concluding that the third issue and the arguments the Club makes under it lack merit, we overrule the third issue.

**F.     Do the arguments under the fourth issue have merit?**

In its fourth issue the Club asks whether the Appraisal District has a right to a plea to the jurisdiction, effectively asking whether the trial court erred in granting the Jurisdictional Plea. Under this issue the Club asserts that the Property Tax Code procedures are not the exclusive remedies for its complaints because the Appraisal District purported to act outside of its statutory power when it removed the exemptions for the Properties without notice and an opportunity to be heard. The Club relies on the opinion of the Second Court of Appeals in *Brennan v. City of Willow Park*. 376 S.W.3d 910, 916–22 (Tex. App.—Fort Worth 2012, pet. denied). The *Brennan* court determined that the exclusive remedies provision in Tax Code section 42.09 did not apply because the appraisal district and the appraisal review board had acted outside their statutorily authorized power by using Tax Code section 25.21 or section 25.23(a)(1) to assess back taxes for the city against the owners based on the omission of taxing units from the district's appraisal records. *See id.* at 921–22. Though the *Brennan* case did not involve the removal of a tax exemption or an alleged failure to give notice, to the extent the *Brennan* case supports the proposition that the remedies under the Property Tax Code are not the Club's exclusive remedies for the alleged failure of the Appraisal District to provide notice regarding the removal of the exemptions from the Properties, allegedly depriving the Club of due process, the *Brennan* case conflicts with this court's precedent in the *Public* case, and we must follow our own precedent. *See Public, Inc.*, 264 S.W.3d at 342–45 (concluding under Tax Code

26

section 42.09 that the remedies under the Property Tax Code were the owner's exclusive remedies for its claim that the appraisal district did not provide the notice required under Tax Code section 11.43(c), thus depriving the owner of due process).

Under the fourth issue the Club also asserts that the Property Tax Code procedures are not the exclusive remedies for its complaints because the Club has raised constitutional due process issues. The Club has not sought a declaratory judgment that a part of the Tax Code is unconstitutional, and under precedent from both the Supreme Court of Texas and this court, a claim in which a property owner alleges lack of notice and a due process violation in an effort to avoid paying property tax assessments may be the subject of a tax protest and thus subject to the exclusive remedies provision in Tax Code section 42.09. *See Rourk*, 194 S.W.3d at 502; *Public, Inc.*, 264 S.W.3d at 342–45.

Concluding that the fourth issue and the arguments the Club makes under it lack merit, we overrule the fourth issue.

**G.    Do the arguments under the fifth issue have merit?**

In its fifth issue the Club asks whether the statutory provisions cited by the Appraisal District apply to the Club so as to deprive the trial court of subject-matter jurisdiction. Under this issue the Club appears to assert that the *Rourk* court concluded that the application of Tax Code section 42.09(a)'s exclusive remedies provision is limited to "'those who would contest their property taxes' pursuant to [] Texas Tax Code §§41.01-.71." The *Rourk* court did not reach this conclusion, although it did state that "[t]he Texas Tax Code provides detailed administrative procedures for those who would contest their property taxes. *See* §§ 41.01–.71." *Rourk*, 194 S.W.3d at 502. Under its unambiguous language Tax Code section 42.09 applies to "the grounds of protest authorized by [the Property Tax Code],"

except that the two defenses listed in section 42.09(b) are excluded. *See* Tex. Tax Code Ann. § 42.09.

The Club also appears to assert that the *Rourk* court concluded that the application of Tax Code section 42.09(a)'s exclusive remedies provision is limited to the six items listed in Tax Code section 41.01(a). *See* Tex. Tax Code Ann. § 41.01 (West, Westlaw through 2023 4th C.S.). The *Rourk* court did not reach this conclusion, and this conclusion would conflict with the plain text of Tax Code section 42.09(a). *See* Tex. Tax Code Ann. § 42.09; *Rourk*, 194 S.W.3d at 501–02.

Under the fifth issue the Club also repeats various arguments that it made under the other four issues and that we have addressed above. We need not address these points a second time. Concluding that the fifth issue and the arguments the Club makes under it lack merit, we overrule the fifth issue.

## III. CONCLUSION

To the extent that the Club appeals a part of the Order that applies to a request for the Relief, we grant the Appraisal District's motion to dismiss for want of jurisdiction and dismiss this appeal as moot. We conclude that the remainder of the appeal is not moot and deny the remainder of the Appraisal District's motion to dismiss for want of jurisdiction. We conclude that justice does not require that the Club's brief be amended, and we grant the Appraisal District's motion to strike the amended brief.

The Club claims that the Appraisal District should not have removed its exemption that had been applied to the Properties before 2016 because the Properties were still entitled to an exemption from taxation under Tax Code section 11.18. The Club also claims that the Appraisal District removed the Properties' exempt status under Tax Code section 11.18 without notice to the Club and

28

without an opportunity to be heard, in violation of Tax Code section 11.43(c), the Due Process Clause of the Fourteenth Amendment, and the due course of law provision of the Texas Constitution. Under binding precedent, the Club may protest each of these claims under the Property Tax Code. Therefore, under Tax Code section 42.09, the procedures prescribed by the Property Tax Code for the adjudication of the grounds of protest authorized by the Property Tax Code are the exclusive remedies for these claims, and the trial court lacks subject-matter jurisdiction to consider these claims in the Foreclosure Suit, which is not one of these procedures. Therefore, we affirm the part of the Order that does not apply to a request for the relief.

/s/    Randy Wilson
          Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Wilson.